Filed 11/18/21  P. v. Urbieta CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094094 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE002345) |
| v. | |
| GABRIEL ANTHONY URBIETA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gabriel Anthony Urbieta has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the record, we note a discrepancy between the trial court's oral pronouncement of judgment and the abstract of judgment with regard to one fine and one fee.  We shall direct the correction of the abstract and affirm the judgment.

1

## BACKGROUND

On February 4, 2020, an all-points bulletin was issued regarding defendant, who was wanted for being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a))[1] and fleeing from officers earlier that day. Officers observed defendant's car and followed him to a nearby gas station. Defendant stopped his car, and he and his passengers got out. Officers approached and ordered defendant to put his hands up and drop his keys. Defendant instead got back in his vehicle and drove away. With lights and sirens on, in a marked car, officers chased defendant for nearly two miles at speeds over 87 miles per hour. Defendant also ran a stop sign and stop light. The chase ended when he crashed his vehicle into another car and fled on foot. He later surrendered and was detained.

Later that month, defendant was charged with driving in willful or wanton disregard for safety while fleeing from a pursuing police officer (Veh. Code, § 2800.2, subd. (a); count one), misdemeanor failing to stop at the scene of a vehicle accident (*id.*, § 20001, subd. (a); count two), and misdemeanor resisting a police officer (§ 148, subd. (a)(1); count three). It was further alleged he had suffered a prior serious felony conviction. (§§ 667, subds. (b)-(i), 1170.12.)

In June 2020, defendant moved to dismiss the prior strike conviction enhancement, pursuant to section 1385 and *People v. Superior Court (Romero)* 13 Cal.4th 497, 504. After holding a hearing and considering defendant's submitted materials, the trial court declined to dismiss the enhancement.

In August 2020, defendant pleaded no contest to violating Vehicle Code section 2800.2, subdivision (a) and admitted the prior strike. Per the parties' agreement, the trial court sentenced defendant to state prison for 32 months (16 months doubled due to the prior strike). The remaining charges were dismissed, with a waiver pursuant to *People v.*

---

[1] Undesignated statutory references are to the Penal Code.

*Harvey* (1979) 25 Cal.3d 754.  The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine, suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment fee (Gov. Code, § 70303), and a $4 emergency medical transport fee (*id*., § 76000.10).  The court also awarded custody credit.

Defendant filed his notice of appeal on May 3, 2021; however, due to multiple continuances granted to counsel, the case was not fully briefed until October 4, 2021.  Defendant did not obtain a certificate of probable cause on appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We note the abstract of judgment does not conform to the oral sentencing as it omits the $300 (suspended) parole revocation fine and the $4 fee.  Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) We shall direct correction of the abstract of judgment accordingly.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment adding the missing fine and fee and to send a certified copy to the Department of Corrections and Rehabilitation.


                                             /s/ 
                                        Duarte, J.

We concur:


    /s/ 
Raye, P. J.


    /s/ 
Hoch, J.